# United States District Court
## District of New Mexico

## Document Verification

**Case Title:** Alvarez-Perez v. USA
**Case Number:** 04cv00384     CR 02-501
**Office:**

### Document Information

**Number:** 6

**Description:** MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION recommending an attorney from the CJA panel other than Paul Rubino be appointed to represent movant, as further described herein (cc: all counsel*)

**Size:** 4 pages (39k)

| Date Received: | Date Filed: | Date Entered On Docket: |
|---|---|---|
| 06/24/2004 03:31:25 PM | 06/24/2004 | 06/24/2004 |

### Court Digital Signature                              View-History

3c e2 50 25 a6 12 d7 d5 97 c3 12 09 57 9a a6 36 b4 de cf f6 88 fa 82 ae 3b ea cf b3 4b c0 14 6d 43 09 69 8b 1c 84 64 82 1c 93 b2 6f 40 72 53 74 ea f9 4a 88 66 03 c5 ac 37 f9 c0 6e 6e 9b 1b 59 d7 12 74 24 7f a8 7c ab a8 b5 d8 70 2a 33 24 73 b1 00 75 f9 46 4c b1 1b cd df 60 d4 5c 6c 68 c2 b6 72 9d d5 9f 14 12 a7 4f 9f 3d 91 5c 5d 4d 8e cc c9 5f b8 c0 7f f4 ad 12 f1 d5 a9 57 23 61 ff

### Filer Information

**Submitted By:** Julia Roberts

**Comments:** RECOMMENDED FINDING by Magistrate Judge Alan C. Torgerson that Defendant be appointed counsel and evidentiary hearing be held.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Thursday, June 24, 2004*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                               Civ. No. 04CV384BB/ACT
                                      CR 02-501BB

IGNACIO ALVAREZ-PEREZ,

        Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Ignacio Alvarez-Perez' ("Alvarez-Perez") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed April 5, 2004. Defendant asserts that his attorney failed to file a notice of appeal. This case was referred to the undersigned United States Magistrate Judge on June 8, 2004 to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1). Having considered the pleadings and the relevant law, the Court recommends that an evidentiary hearing be held. Having recommended an evidentiary hearing be held, the Court also recommends that counsel be appointed for Defendant. *See* Rule 8(c), *Rules Governing Habeas Corpus Under Section 2255.*

## PROPOSED FINDINGS

1.     On January 12, 2002 at approximately 2:00am, Agent Mark Shank of the United Sates

1

Border Patrol, while operating a long-range, infra-red surveillance camera observed five persons carrying six backpacks cross into the United States and travel in a single-file line towards Sunland Park, New Mexico. All five of the backpackers were arrested by United States Border Patrol Agents. The backpacks contained approximately 22 kilograms of cocaine and 75 kilograms of marijuana.

2. On January 14, 2002, Alvarez-Perez, along with four other defendants, was charged by complaint with Conspiracy of Possession With Intent to Distribute more than 5 kilograms of cocaine and 50 kilograms of marijuana in violation of 21 U.S.C. § 846. On April 3, 2004, Alvarez-Perez was indicted in Las Cruces and arraigned on April 8, 2002. On July 11, 2002, Alvarez-Perez with two other defendants were tried by a jury trial. All were found guilty on all counts on July 13, 2002. One of the other defendants filed a motion for a new trial on July 22, 2002. Alvarez-Perez filed a Notice of Joinder on October 17, 2002. On February 7, 2003, a hearing was held on the Motion for New Trial and Notice of Joinder before the Honorable William K. Sessions, United States District Judge. An order denying the Motion for New Trial was entered on February 14, 2003.

3. On April 2, 2003 Alvarez-Perez appeared before the Honorable Monti L. BeLot, United States District Judge, and was sentenced to the Bureau of Prisons for 151 months on each of the three counts. The sentence was to run concurrent. The Honorable Bruce D. Black, United Sates District Judge, entered the Judgment of Sentence against Alvarez-Perez on June 12, 2003. Alvarez-Perez did not file an appeal.

Ineffective Assistance of Counsel Claim.

4. The analysis in *Roe v. Flores-Ortega* 28 U.S. 470 (2000) controls Alvarez-Perez' claim of ineffective assistance of counsel. Under *Flores-Ortega*, if Alvarez-Perez' claim that he instructed his attorney to file an appeal that was not filed is true, he would have a viable claim under

Section 2255, regardless of the lack of merit of any of the issues he might have raised on appeal. As the Supreme Court stated:

> Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether....[D]enial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right,...demands a presumption of prejudice. 528 U.S. at 483.

Thus, the lack of merit of an appealable issue is immaterial if counsel had "disregarded[ed] specific instructions to perfect a criminal appeal." *Id.*; *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir.2003).

5. In this matter Alvarez-Perez and his attorney met after the sentencing and spoke. What was said is in dispute. Alvarez-Perez alleges that he requested his attorney to file an appeal and his attorney contends that the Alvarez-Perez instructed him not to pursue an appeal. Alvarez-Perez's assertion is colorable on its face although it is controverted by counsel's equally credible affidavit. Therefore, I believe an evidentiary hearing following appointment of counsel is warranted under these circumstances. *See De la Rosa- v. United States*, CIV 03-599 MCA/KBM

## RECOMMENDED DISPOSITION

I recommend that an attorney from the CJA panel; other than Paul J. Rubino, be appointed to further represent Alvarez-Perez in this matter.

I also recommend that upon entry of appearance, counsel for Alvarez-Perez and counsel for the United States confer to ascertain whether the matter can be resolved informally and if not, inform me whether an evidentiary hearing is necessary.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations

3

that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

4